**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**RICHARD BORGES,**

    **Plaintiff,**

v.                                                            Case No. 8:09-cv-918-T-24TBM

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

The Plaintiff seeks judicial review of the denial of his claims for Social Security disability benefits and Supplemental Security Income payments.[1] Because the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards, I recommend that it be reversed and remanded for further proceedings.

I.

Plaintiff was forty-five years old at the time of his administrative hearing in December 2008. He stands 5 feet, 10 inches tall and weighed 180 pounds. Plaintiff completed the twelfth grade. His past relevant work was as a construction and landscape laborer and bartender. Plaintiff applied for disability benefits and Supplemental Security

---

[1]This matter comes before the undersigned pursuant to the Standing Order of this court dated August 28, 1987. *See also* M.D. Fla. R. 6.01(c)(21).

Income payments in September 2006, alleging disability as of June 1, 2006, by reason of bipolar disorder; anxiety; ultra rapid cycling; insomnia; alcohol, cocaine and nicotine addiction; and left shoulder and low back pain. Plaintiff's applications were denied originally and on reconsideration.

The Plaintiff, at his request, then received a *de novo* hearing before an Administrative Law Judge ("ALJ"). The Plaintiff was represented at the hearing by counsel and testified in his own behalf. Additionally, a vocational expert was called by the ALJ.

Plaintiff testified that he stopped working because of back pain and depression. He testified to low back pain and functional difficulties related thereto, as well as problems with his left shoulder. In describing his physical capabilities, he testified that he could sit for fifteen to twenty minutes but then his back hurts. He can stand for thirty to forty-five minutes and walk for about thirty minutes. He uses a cane, which is prescribed. Plaintiff indicated he can lift or carry twenty pounds if he does not have to bend down. He has no problems with his hands. Problems with his left shoulder make it difficult to reach over head, and he also claims difficulty in stooping, squatting, kneeling, climbing, and bending. He does not like to be around crowds or under stress or work pressure. By his account, he has memory and concentration problems, which he attributes to his medication. When asked if he could work around other employees, he indicated that he probably would not talk much to them and he would have problems dealing with his supervisor. He also expressed that he would have difficulty completing an eight-hour workday or forty hour work week. Plaintiff's medications cause drowsiness, constipation, and affect his concentration. When he takes his medications, however, he is much happier and no longer has suicidal thoughts or the need to self medicate.

He has not used alcohol or cocaine in over a year. He testified that he treats at the VA but is not receiving any disability benefits.

On a typical day he gets up at 9:00 a.m., talks with his father, plays cards with his father, and watches television. Plaintiff lies down two to three hours in the middle of the day due to his medications and back pain. Occasionally his back goes out on him and he is unable to even get out of bed. He indicated that he has had two visits to the emergency room this year due to back pain. His parents take care of all household chores and he is unable to even help with yard work. He does not socialize although he occasionally goes to church. He has not been to an AA meeting in three months but he has remained sober. (R. 25-38).

The ALJ next took testimony from Steven B. Sachs, a vocation expert ("VE"). The VE classified Plaintiff's former work as ranging from medium to heavy unskilled to skilled work over a period of about twelve years. His prior work as a bartender was unskilled light exertional work. On an assumption of a hypothetical individual who suffered all of the limitations testified to by the Plaintiff, the VE initially indicated that no work would be available to such individual. On a second hypothetical, the VE was asked to assume an individual of Plaintiff's age, education, and work experience capable of light exertional work and occasionally climbing, balancing, stooping, kneeling, crouching, and crawling but no repetitive reaching overhead with the non-dominant left arm, with limitations for performing only simple, routine, repetitive tasks on a sustained basis over a normal eight-hour workday in a stable work environment, involving no more than simple decision making and no significant close, interpersonal interaction with co-workers and no significant interaction with the public and no requirements to perform complex or detailed tasks. With these limitations, the VE

3

testified that such individual could not perform Plaintiff's past work, however, he could perform such work as a hand packer, production worker (including semi-conductor processing), and production inspector. On questioning by Plaintiff's counsel and by reference to Exh. 18F, the VE testified that no work would be available if such individual was unable to complete a normal workday or workweek without significant interruptions from his psychologically based symptoms. Although Plaintiff's father was available to testify, counsel indicated such testimony would be corroborative and he was not called. (R. 39-46).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are not set out herein in detail.

By his decision of January 26, 2009, the ALJ determined that while Plaintiff has impairments related to generalized anxiety disorder, major depressive disorder, left shoulder tendonitis, lumbosacral degenerative disc disease, and substance abuse (cocaine/alcohol), none constitute severe impairments under the Act. Accordingly, the ALJ determined Plaintiff was not disabled. In the alternative, on the basis of the VE's testimony that an individual capable of performing a limited range of light exertional could perform work in the local and national economy, the ALJ concluded that Plaintiff could perform jobs available to him and thus was not disabled. (R.11-21). Thereafter, the Social Security Administration's Decision Review board selected the ALJ's decision for review and advised Plaintiff that it had ninety days within which to act on his claim. During that period, the ALJ's decision was not final and could not be appealed. (R. 8-10). The Decision Review Board failed to complete its

4

review of Plaintiff's claim during time allowed and the ALJ's decision became the final decision of the Commissioner. (R. 1-3).

II.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

5

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

### III.

The Plaintiff raises six claims for relief on this appeal. As stated by Plaintiff, the claims are as follows: (1) the ALJ failed to recognize all his impairments; (2) the ALJ employed the wrong standard in failing to find any severe impairments; (3) the ALJ failed to give appropriate weight to the opinion of Dr. Toth a treating psychiatrist who assessed Plaintiff with listing level mental impairments; (4) the ALJ employed an incomplete hypothetical with the VE; (5) the ALJ failed to use the Eleventh Circuit "pain standard;" and (6) the ALJ failed to give proper analysis to the drug and alcohol abuse issues. (Doc. 8).

Because I find Plaintiff's second and sixth claims are well-founded and dispositive, they are addressed together. By his second claim, Plaintiff urges that the ALJ applied too rigid of a standard at step two in determining that he did not have a severe impairment or combination of impairments. In support, Plaintiff cites to *Stratton v. Bowen*, 827 F.2d 1447, 1452 (11th Cir. 1987). By his sixth claim, Plaintiff urges that the ALJ improperly analyzed the issues relating to his drug and/or alcohol problems. According to Plaintiff, his case should be reversed and remanded with an immediate award of benefits. (Doc. 8 at 3-6, 16-17).

In response, the Commissioner urges that the ALJ correctly determined that none of Plaintiff's impairments were "severe," as such term is defined by the regulations, on the basis of his conclusion that Plaintiff was not a credible informant and his physical complaints were inconsistent with the objective evidence. According to the Commissioner, the ALJ's failure to acknowledge this circuit's authority was insignificant given the ALJ's proper application of the regulation. The Commissioner also urges that Plaintiff's alcohol and drug additions were "material factors contributing to Plaintiff's mental conditions." (Doc. 9 at 8-17).

The Social Security Regulations set forth a five-step sequential evaluation process the Commissioner must follow in determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step two of this five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. 20 C.F.R. §§ 404.1520, 416.920. Pursuant to the Regulations, a severe impairment is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental

7

ability to do basic work activities."[2] *Id.* at §§ 404.1520(c), 416.920(c). This inquiry, however, is a "threshold" inquiry. It allows only claims based on the slightest abnormality to be rejected. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Id.* A "[c]laimant need show only that h[is] impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). This is a "de minimis" standard and only screens out those applicants whose medical problems could not possibly prevent them from working. *Stratton*, 827 F.2d at 1452 (quoting *Bowen v. Yuckert*, 482 U.S. 137, 153 (1987)).

On careful review of the decision and the medical evidence, I conclude that the ALJ applied an incorrect and overly stringent standard in assessing the severity of Plaintiff's impairments at step two because the ALJ required Plaintiff to demonstrate an impairment which significantly limited his ability to perform basic work-related activities. Although the ALJ appears to recognize the "de minimis" standard (R. 12), that standard was not applied. Rather, in his findings of fact and conclusions of law, the ALJ applied the regulatory standard literally and required Plaintiff to demonstrate that his impairments *significantly limited* his

---

[2]The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." *Yuckert*, 482 U.S. at 142 (citing 20 C.F.R. §§ 404.1521(b), 416.921(b)). Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. *Id.*

8

ability to perform basic work activities for twelve consecutive months.³ (R. 13, 20). As noted by Plaintiff, the Eleventh Circuit has recognized this as legal error. *See Stratton*, 827 F.2d at 1453 (holding that the Commissioner's application of a higher severity standard was not substantially justified under the EAJA); *see also Stone v. Heckler*, 752 F.2d 1099, 1106 (5th Cir. 1985) (setting forth correct legal standard for determining "nonseverity" at step two); *Caviness v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001) (holding that it was legal error to deny a claim at step two where the ALJ failed to acknowledge minimal standard). On remand, the ALJ should reconsider the facts in the light of the proper standard after considering any further evidence as may be offered by either Plaintiff or the Commissioner.⁴

On my reading of the administrative record, the ALJ's error at this step is heightened by the fact that the medical records pertaining to Plaintiff's physical impairments appear not to have been reviewed by any state agency physicians, and no state agency doctor addressed Plaintiff's physical functional capacity.⁵ It appears that only one state agency psychologist reviewed Plaintiff's voluminous mental health records and completed a psychiatric review technique form ("PRTF") in March 2007. Significantly, this was done prior to the initial

---

³While the duration requirement was addressed, i.e., twelve months, it does not appear seriously in dispute.

⁴As the decision reflects, the ALJ identified a number of impairments affecting Plaintiff. Each of these and any others identified on remand must be considered under the de minimis standard applicable at step two.

⁵After stating that Plaintiff's attorney admitted there was no physical residual functional capacity [assessment] from any source to show physical limitations in functioning, the ALJ adopted the assessment of the state agency physicians. (Doc. 18). This is problematic because I am unable to find a state agency physician opinion that addressed Plaintiff's alleged physical impairments.

9

determination and prior to Plaintiff's additional psychiatric hospitalizations. With respect to the sole PRTF, I find it troubling that the state agency psychologist concluded that Plaintiff's mental impairments were non- severe on the basis that, "assuming he remains substance free, limitations should be non-severe." (R. 435). As discussed below, application of the drug addiction statute, 42 U.S.C. § 423(d)(2), and implementing regulations, 20 C.F.R. §§ 404.1535(a), 416.935(a), comes into play only after a claimant is found disabled and not in determining impairment severity at step two. With respect to Plaintiff's physical impairments, I also find it troubling that the ALJ appears to have discredited Plaintiff's subjective allegations in part because his representative "failed to provide a precise functional assessment to support" Plaintiff's physical complaints.[6] (R. 18). While the Commissioner is correct that it is Plaintiff's burden to prove disability, he ignores that the ALJ has a concomitant duty to fully and fairly develop the record.[7] *See Brown v. Shalala*, 44 F.3d 931, 934-35 (11th Cir. 1995).

Regarding Plaintiff's sixth claim, I find that the ALJ again failed to apply the law correctly in considering Plaintiff's non-severe impairments to have been the product of drug use.[8] *See Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001) (precluding

---

[6]On my review of the record, I find that the Commissioner and the ALJ have both, to some extent, mischaracterized Plaintiff's participation in certain activities and unfairly relied on the same to discount Plaintiff's subjective allegations.

[7]Given the lack of opinion evidence on Plaintiff's residual functional capacity, it is also troubling that neither Plaintiff's attorney nor the ALJ sought physical and/or mental consultative evaluations.

[8]Pursuant to 42 U.S.C. § 423(d)(2)(C), an applicant for disability benefits shall not be considered disabled if alcoholism or drug addiction would be a contributing factor material to the Commissioner's determination that the individual is disabled.

10

application at step two of 20 C.F.R. §§ 404.1535(a), 416.935(a), relating to whether or not drug addiction or alcoholism contributed to a disability); *see also Doughty v. Apfel*, 245 F.3d 1274, 1279 (11th Cir. 2001) (a claimant must first be found disabled before determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability); *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001) (ALJ cannot apply the CAAA before making a finding on disability). The implementing regulations clearly state that a finding of disability is a condition precedent to the application of the statute. 20 C.F.R. §§ 404.1535(a), 416.935(a). Here, the ALJ repeatedly mentioned Plaintiff's drug use when discussing Plaintiff's mental impairments and found or suggested (as noted incorrectly by the nonexamining psychologist) that Plaintiff's mental impairments were non-severe because, absent drug or alcohol usage, the impairments would not result in any work-related limitations. As indicated above, however, the determination of whether drug addiction and/or alcoholism is a contributing factor material to the determination of disability is not at issue at step two. The ALJ also addressed the materiality of Plaintiff's drug addiction later in the decision. In particular, the ALJ found that Plaintiff's "substance use disorder" was a contributing factor material to the determination of disability.[9] (R. 20). Both of these

---

[9]The ALJ's statement on this is somewhat confusing. Here, the Federal Reviewing Official ("FRO") found that "both alcohol and drug addiction involved – not material." (R. 48). Then, in finding number six, the ALJ stated that, "[a]lthough the decision of the [FRO] was not considered to be evidence, the undersigned agrees with the conclusion on disability the [FRO] made on the Title II and Title XVI claims. However, the undersigned does not agree with all of the substantive findings the [FRO] made on these claims (20 C.F.R. 404.370)." (R. 20). Implicit in this is that the ALJ disagreed with the FRO's findings that Plaintiff's substance abuse, depression, and anxiety were severe impairments and Plaintiff's drug and/or alcohol addiction was not a contributing factor material to the determination of disability. The Commissioner also points out that the ALJ found that Plaintiff's drug

11

findings were made in the absence of a finding that Plaintiff was disabled. Given the authority set forth above, these findings by the ALJ reflect an incorrect application of the law.

In light of the errors made at step two and/or the failure to provide sufficient reasoning to demonstrate that the correct legal standards were applied, this case should be reversed and remanded for clarification and/or application of the correct legal standards. *See Gibson v. Heckler*, 779 F.2d 619, 622 (11th Cir. 1986) (providing that, failure to apply the correct legal standards or to provide the reviewing court with a sufficient basis on which to determine that the correct legal principles have been followed or that substantial evidence exists mandates a reversal).

Although the Commissioner urges that the ALJ's subsequent reliance on VE testimony and alternative finding render harmless any error(s) made at step two, I disagree. The ALJ here simply includes an alternative finding, not an alternative decision, based on the ability to perform a restricted range of light exertional work and vocational expert testimony. *See* (R. 20, finding no. 5). He does not, however, explain his rationale in doing so or set forth the evidence on which he relies for this residual functional capacity and the same is not apparent from my review of the record. His failure to do so renders meaningless a review for substantial evidence.[10]

---

addiction was a contributing factor material to the determination of disability. (Doc. 9 at 15).

[10]Given the manner in which this alternative conclusion was made also calls into questions whether there is sufficient reasoning to determine whether the applicable standards were applied correctly.

Given these conclusions, Plaintiff's remaining claims need not be addressed. *See Jackson v. Bowen*, 801 F.2d 1291, 1294 n. 2 (11th Cir. 1986) (stating that where remand is required, it may be unnecessary to review other issues raised).

IV.

While I make no finding on the ultimate conclusion that Plaintiff is not disabled, for the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is not supported by substantial evidence or is not in accordance with the correct legal standards, and I recommend that it be reversed and remanded for further proceedings before the Commissioner consistent with this Report and Recommendation. I further recommend that the Clerk be directed to enter Judgment in favor of the Plaintiff and to close the case, and the matter of fees and costs shall be addressed upon further pleadings.

Respectfully submitted this
10th day of June 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies furnished to:
The Honorable Susan C. Bucklew, United States District Judge
Counsel of Record